ROBERT D. CONAWAY 119657
rdconaway@gmail.com
LAW OFFICE of ROBERT D. CONAWAY
PO Box 2655
Apple Valley CA 92307

Attorney for Plaintiff
DAWN TURNBULL

THOMPSON & COLEGATE LLP
3610 Fourteenth Street
P. O. Box 1299
Riverside, California 92502
Tel: (951) 682-5550
Fax: (951) 781-4012

MICHAEL J. MARLATT (SBN 115957)
mmarlatt@tclaw.net
DANIEL C. FAUSTINO (SBN 207553)
dfaustino@tclaw.net

Attorneys for Defendant
ORO GRANDE SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN TURNBULL,<br><br>Plaintiff,<br><br>v.<br><br>ORO GRANDE SCHOOL DISTRICT,<br>DOES 1 through 20,<br><br><br>Defendants. | Case No.: 5:21-cv-00082-JGB-KK<br>Judge: Jesus G. Bernal<br><br>**[PROPOSED] JOINT RULE 16 PRETRIAL**<br><br>Date:       March 20, 2023<br>Time:       11:00 A.M.<br>Location:   Courtroom 1<br>            3470 Twelfth Street<br>            Riverside, California<br>            92501<br>Trial:      April 4, 2023 |

Pursuant to Central District Local Rule 16 & this Court's Order, the parties hereby submit the following Proposed Joint Report.

Pursuant to Federal Rule of Civil Proc. Rule 16, plaintiff attempted to schedule a conference between counsel in February 2023. The first communication from the defense was at 4:08 pm today, the last day. Plaintiff attempted to incorporate the text from 3 different pleadings done in state case format into the one document and sent the best effort to defense counsel. Plaintiff's counsel is in trial.

## I. SUBJECT MATTER JURISDICTION [LR 16-2.1]

This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## II. PREPARED CONTENTIONS OF LAW & FACTS [LR 16-2.8, 16-4, 16-4.5]

### PLAINTIFFS SIDE

Plaintiff DAWN TURNBULL [hereafter "plaintiff"] alleges that the applicable FLSA's anti-retaliation provision for this action states:

> It shall be unlawful for any person – (3) to discharge *or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter*, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee. 29 U.S.C. § 215(a) (emphasis added).

Plaintiff further alleges that under Section 203(d), the FLSA anti-retaliation protection attaches to "any person acting directly or indirectly in the interest of an employer in relation to an employee" consistent with Congressional intent to extend section 215(a)(3)'s reach beyond actual employers. In Arias v. Raimondo, 860 F.3d 1185, 1191-92 (9th Cir. 2017). 1191-92 the Court held that an employee retaliated against for complaining of illegal pay practices

1. could even sue the employer's outside attorney responsible for the retaliation.
2. Arias v. Raimondo, 860 F.3d 1185 (9th Cir. 2017) and the same Court found that
3. even though the attorney was not the employer, the attorney's conduct was an
4. attempt to penalize the employee for complaining about his pay and, therefore,
5. "manifestly falls within the purview, the purpose, and the plain language" of the
6. FLSA. Arias at 1192.
7.     Under the Fair Labor Standards Amendments of 1977, Pub. L. No. 95-151,
8. 91 Stat. 1252 (Nov. 1, 1977), those who claim FLSA retaliation can seek "such
9. legal or equitable relief as may be appropriate." 29 U.S.C. 216(b), which can
10. include compensation for emotional injuries suffered by an employee because of
11. employer retaliation, compensatory damages and punitive damages. Lambert v.
12. Ackerley, 180 F.3d 997 (9th Cir. 1999).
13.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a
14. substantial part of the events giving rise to this claim occurred in this District, the
15. employer [ORO GRANDE SCHOOL DISTRICT & its agents, representatives and
16. assigns are designated as DOES 1-2] and the venue of the underlying and pending
17. FLSA wage action pending against Oro Grande School District and Does 1-2
18. [Case No. 5:17-cv-01787-JGB-KK] are domiciled and or doing business in this
19. District.
20.     Plaintiff is informed and believes and thereon alleges that Defendants ORO
21. GRANDE SCHOOL DISTRICT & DOES 1-2, by and through their employees
22. retaliated against plaintiff for having an active pending civil action under the Fair
23. Labor Standard Act under Case No. 5:17-cv-01787-JGB-KK so to cause emotional
24. distress and mental injury which are not a part of any workers' compensation
25. claims by plaintiff made nor could they covered under the California Labor Code.

The workers compensation case was for physical injuries suffered by Plaintiff and had nothing to do with the overtime claims being made by Plaintiff in 5:17-cv-01787-JGB-KK, so plaintiff on information and belief and thereon alleges the settlement offer was withdrawn because of her "ongoing civil case" was shorthand for an ongoing plan to retaliate against her for litigating against the District - with that said plaintiff is not seeking the withdrawn offer via this case.

In a deposition noticed by a work comp defense counsel Mr. Matthew Soleimanpour [for Oro Grande School District, PSI MEMBER of CSJPA WITH PRISM ADMINISTERED BY HCMS CHINO HILLS] the District acknowledges that the overtime action was separate but that despite that, it would have to be dismissed.

Applicant's [the workers' compensation "plaintiff" counsel] asked Mr. Soleimanour in an August 20, 2021 deposition:

> "MR. SCHAEFFER: It isn't a question of the judge. If he and I come to an agreement, and the agreement said that you would drop the retaliation claim to get the workers' comp case settlement, isn't that what you would want to do, Matt? [p 31:9-13]
> "MR. SOLEIMANPOUR: Right. So my question is, if you settle this case, then there would be no basis for the retaliation claim because it - -[p. 31:14-16]
> "MR. SCHAEFFER: Well, it would be moot. It would be moot. There was basis when she filed it, so to put any other way – now, in order to accomplish this feat, there would have to be an additional amount of money at least in the settlement for the consideration of dropping that claim, because I am sure the other attorney she retained is going to want to be paid something for his filing fees and time. I would say probably a gross amount, maybe 50K would do the job [p 31:17-25 thru line 1 on p 32].

Incredibly the admission is made by defense counsel as follows:

> "MR. SOLEIMANPOUR: I will present a proposal, but we need to have an understanding that if we are going to settle Ms. Turnbull's claim Workers' Compensation Claim that there would really kind of be no basis for the other claim, so she will get what she wanted, which was to reinstate her settlement" [p 32:6-11]

The retaliation seen in 2019 and on an ongoing basis has caused emotional distress for which she has sought out and received at her own expense psychiatric care.

Defendant's conduct was outrageous and malicious as it was intended to injure Plaintiff, and was done so with reckless indifference to Plaintiff's protected petition rights seeking due overtime, entitling Plaintiff to an award of punitive damages and such other legal and equitable relief as this Court deems just & proper.

Plaintiff is entitled to emotional distress. Travers v. Flight Servs. & Sys., Inc. 808 F.3d 525, 530, 539-42 (1st Cir. 2015); Broadus v. O.K. Indus., Inc., 238 F.3d 990, 992 (8th Cir. 2001) (per curiam); Lambert v. Ackerley, 180 F.3d 997, 101 (9th Cir. 1999).

Plaintiff claims she is also entitled to liquidated damages where the District cannot show "an honest intention to ascertain and follow the dictates of the Act" Flores v City of San Gabriel 824 F.3d 890, 905 (9th Cir. 2016).

FLSA provides that "The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 26 U.S.C. § 216(b).

### III. DEFENDANTS' STATEMENT OF THE CASE, DEFENSES & KEY EVIDENCE [FROM EMAIL RECEIVED at 4:08 pm on February 27, 2023]

OGSD's Defenses and Key Evidence in Support Thereof

Failure to State a Claim:

(1) Not employed at the time of adverse action - plaintiff was not an employee when OGSD allegedly withdrew its settlement offer of her workers' compensation claim;

(2) No adverse action – there was no adverse action taken as plaintiff was not an employee of OGSD at the time of the alleged withdrawal of settlement offer;

(3) Failure to mitigate (refusal to accept settlement of offer) - Plaintiff's claim is moot because an offer of settlement of her workers' compensation claim has been made and plaintiff has not accepted. If the gravamen of the complaint was for damages equal to the offer to settle plaintiff's workers' compensation claim, the offer is still open.

B. Summary of Defendant's Affirmative Defenses (L.R. 16-4.1(D)-(F):

Affirmative Defense 1: The complaint fails to state a claim upon which relief can be granted.

Elements:

The plaintiff has not met its burden in in establishing one or more elements of her claim. Plaintiff was not an employee at the time of the alleged adverse action.

Affirmative Defense 2: Plaintiff has taken no steps to mitigate the alleged damages and that this failure to take any action to attempt to mitigate the damages is the sole cause of the damages set forth in the first amended complaint.

Elements:

Plaintiff has a duty to mitigate damages and make reasonable efforts to limit the total amount of harm alleged and keep their losses from becoming worse. Plaintiff has refused to accept OGSD's offer of settlement.

Affirmative Defense 3: Plaintiff's claims are barred by California Code Sections 47(a) and (b), which bars claims based on communicative conduct made in litigation.

//

Elements:

(1) Communication made in the proper discharge of an official duty;

(2) In any legislative proceeding, judicial proceeding, in any other official proceeding authorized by law

Affirmative Defense 4: Plaintiff's claims are barred by California Evidence Code Sections 1152, 1119 and California Civil Code Section 47, which bars claims based on communicative conduct made in settlement negotiations and/or mediations.

Elements:

(1) Evidence that a person has offered or promised to furnish money to another who sustained or claims he sustained loss or damage;

(2) Any conduct or statements made in negotiation thereof, is inadmissible to prove liability.

Affirmative Defense 5: Plaintiff's claims are barred by Federal Rules of Evidence, Rules 408 and 501, which bars claims based on conduct or communications made during settlement negotiations and/or mediations.

Elements:

(1) Furnishing, promising or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim;

(2) Conduct or a statement made during compromise negotiations about the claim

## V. EXCHANGE OF EXHIBITS [LR 12-2.3]

The defense has not responded to any communications much less exchanged any exhibits until 4:08pm today when a draft pleading via email was sent with no exhibits . There has been no meet and confer on the list of exhibits.

1  There have been no communications whatsoever since the mediation except from
2  plaintiff asking for the defense input for this report.
3      The defense has the plaintiff's psychiatrist reports from the work comp case
4  and the wrongful discharge in violation of public policy case and the Minute Order
5  from the workers compensation Court. The expert designation did not comply
6  with the code as no report was attached from the forensic psychologist they
7  presumably retained and have designated.

## VI. EXCHANGE OF LIST OF WITNESSES [LR 16-2.4] & DISCUSSION OF EXPERT WITNESSES [LR 16-2.5]

10     The defense has not responded to any communications much less
11 exchanged any lists until 4:08 pm on the last day to file this report. There has been
12 no meet and confer of any kind.
13     With that said the defense has the plaintiff's psychiatrist reports from the
14 work comp case and the liability case for wrongful discharge in violation of public
15 policy and the Minute Order from the workers compensation Court so plaintiff
16 does not have any reports or raw notes or test data generated in the state wrongful
17 discharge case where an exam was done and presumably will be used in this case.
18     Mathew Soleimanpour will be subpoenaed as will Heather Griggs,
19 Jennifer Tarpley [the latter 2 from Oro Grande School District], Dr. Jackson will
20 testify and possibly Don Featherstone & Ryan Stander. Dr. Lisa Grajewski is the
21 defense's designated psychologist.
22     The expert designation did not comply with the code as no report was
23 attached from the forensic psychologist they presumably retained. Plaintiff has
24 attempted to meet & confer on an anticipated motion to limine to exclude the
25 defectively designated psychologist—with no response.

### RESOLVED EVIDENTIARY MATTERS [LR 16-2.6]

None identified in the 4:08 pm documents sent today.

### VIII. DEPOSITION TESTIMONY TO BE LODGED [LR 16-2.7]

Plaintiff anticipates none. No depositions were taken by defense in this case in this case.

### IX. EXHAUSTION of SETTLEMENT POSSIBILITIES [ LR 16-2.9]

Plaintiff believes the settlement possibilities were explored after a predictable push back delay consistent with the first case. The mediation kept getting pushed back from dates in 2019 to 2020 and then to 1/8/2021 when the mediation was held [nearly three years later after assigned and 2 years after a work comp settlement offer was pulled because of "due to ongoing civil case" which plaintiff contends was the underlying wage and hour case as in this period of time plaintiff's only active civil case against Oro Grande School District [and its superintendent Heather Griggs] involved due process and privacy violation issues was stayed by an appeal in the Fourth District Court of Appeal from December 14, 2016 - January 1 8, 2022 [ the trial Court denied an anti-SLAPP motion filed by Oro Grande School District, a ruling which Oro Grande's lawyers appealed, which by the way are the same attorneys defending this FLSA retaliation case].

Consistent with what appeared to be a starve-plaintiff & drive her into an emotional outrage of "why-me" strategy, plaintiff was unable to get a settlement of any kind despite liability being fixed by deemed admitted requests for admissions. The Case eventually settled for plaintiff's demand shortly after the final pretrial.

### XI. BIFURCATION OF ISSUES [LR 16-4.3]

Time saved would be minimal and the defense has not weighed in on any legal reason one way or the other.

## X. ISSUES TRIABLE TO JURY [LR 4.4]

Causation and damages are triable to jury except for possibly the liquidated damage measure.

Dated: February 27, 2023          THOMPSON & COLEGATE, LLP

[submitted after add-ins but not signed]

By: _____
Attorneys for Defendant,
Oro Grande School District

Dated: February 27, 2023          LAW OFFICE OF ROBERT D. CONWAY

By: _____
ROBERT D. CONAWAY
Attorney for Plaintiff, Dawn Turnbull